IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VAE NORTRAK NORTH AMERICA, INC., et al., | } } } | |
| Plaintiffs and Counter-Defendants | } } } | |
| v. | } } | |
| PROGRESS RAIL SERVICES CORPORATION, | } } } | CIVIL ACTION NO. 03-AR-1480 |
| Defendant and Counter-Claimant | } } } | |
| v. | } } | |
| MERIDIAN TRACK PRODUCTS CORP., et al. | } } } | |
| Counter-Defendants. | } | |

**MEMORANDUM OPINION AND ORDER**

Before the court are the motion of defendant and counter-claimant Progress Rail Services Corporation ("Progress Rail") for leave to file a second amended counterclaim, and Progress Rail's motion to compel production of documents. (Dkt. # 150 and 157). After consideration, the court concludes that Progress Rail's motion for leave should be denied and that its motion to compel should be granted.

**I. MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIM**

Although Rule 15(a) of the Federal Rules of Civil Procedure prescribes a liberal standard for the amendment of pleadings, whether a motion to amend should be granted is within the

discretion of the trial court.  *Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002) (quoting *Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1574 (11th Cir. 1985)).  When exercising its discretion, the court may consider as a factor undue delay, including whether the motion was filed after the close of discovery, past the deadline for amendments, or past the deadline for filing dispositive motions.  *See* 313 F.3d at 1315.

The court's decision to deny leave to amend in this case is based primarily on Progress Rail's delay in seeking such leave.  On September 23, 2004, along with its answer to plaintiffs' amended complaint, Progress Rail filed its amended counterclaims.  Although the deadline for amending pleadings had previously been set at February 19, 2004, the court permitted the amended complaint, and the subsequently filed amended counterclaims, to be submitted.  (Dkt. # 21).  Nearly two years after filing its amended counterclaims, over two years past the deadline for amending pleadings, and eleven days prior to the oft-extended discovery cutoff, Progress Rail now wishes to amend its counterclaims by "merely add[ing] detail and clarification to its antitrust counterclaims previously filed."  In light of the excessive delay in seeking leave to amend, and in light of Progress Rail's own implication that the second amended counterclaims would add little of significance to the

counterclaims that have already been asserted against counter-defendants, the court will deny Progress Steel's motion.

**II. MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Progress Rail avers that plaintiffs VAE GmbH and VAE Nortrak have been deficient in responding to its discovery requests, and asks the court to order plaintiffs to produce complete, unredacted board minutes, with attachments.  Plaintiffs counter that they redacted only irrelevant portions of the minutes, suggesting that they were actually doing Progress Steel a favor by "sav[ing] Progress counsel the trouble of going through irrelevant parts." (Dkt. # 175).

While Progress Rail undoubtedly appreciates plaintiffs' generosity in their assisting it to sort out irrelevant evidence, the court is reminded that the standard governing discovery is that "[r]elevant information need not be admissible at the trial **if the discovery appears reasonably calculated to lead to the discovery of admissible evidence**."  Fed. R. Civ. P. 26(b)(1) (emphasis added).  The court is satisfied that the Progress Steel's discovery request would meet this standard, assuming the dates on which the respective board meetings took place do not extend unreasonably far into the past.  Unfortunately, Progress Steel has not provided the court with the relevant dates.  Accordingly, the court will grant Progress Steel's motion, with the caveat that Progress Steel and plaintiffs must agree on a

time frame.  If the parties are unable to so agree, then the court will determine the appropriate date range upon subsequent motion by either of the parties.

### III. CONCLUSION

In light of the foregoing, the court DENIES Progress Steel's motion for leave to file its second amended counterclaims.  The court GRANTS Progress Steel's motion to compel production of documents.  The production shall occur within 14 days.  Progress Steel and plaintiffs VAE GmbH and VAE Nortrak are hereby ORDERED to determine a reasonable date range for which the board meetings corresponding to the requested board minutes took place.  If the parties are unable to so agree, then they may bring the matter to the court for resolution.  Plaintiffs VAE GmbH and VAE Nortrak shall produce all non-privileged board minutes corresponding to the agreed-upon date range, including attachments, in unredacted form.

DONE this <u>28th</u> day of September, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE